UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN TURNER,

      Plaintiff,

                                  CASE NO. 06-CV-15112-DT
v.                             JUDGE GERALD E. ROSEN
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

TOM DEPP, et al.,

      Defendants.
                            /

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** The Court should dismiss plaintiff's complaint without prejudice for failure to comply with the December 11, 2006 order of the Court.

**II.**     **REPORT:**

**A.**     **Procedural History**

Plaintiff is confined at the Federal Correctional Institution in Milan, Michigan (FCIM). On November 15, 2006, plaintiff filed a pro se prisoner civil rights complaint against thirteen (13) defendants, each of whom are described as FCIM employees. Plaintiff alleges, inter alia, that he was locked up and illegally deprived of his constitutional rights and prisoner privileges and rights "because [he] administratively 'Blew the Whistle' on prohibited behavior." Doc. Ent. 1 at 5.

Along with his complaint, plaintiff filed an application for prisoner to proceed without prepayment of fees or costs, attached to which is a computer printout regarding plaintiff's account. Doc. Ent. 2 at 4-5. On December 11, 2006, Magistrate Judge Whalen entered an order requiring plaintiff to submit additional copies of his complaint. That order required plaintiff to

1

submit thirteen (13) additional copies of his complaint to the Court within thirty (30) days of the date of the order. Furthermore, the order noted that failure to comply with the order might result in dismissal of the complaint. Doc. Ent. 4 at 2.

On December 12, 2006, Judge Rosen referred this case to me to conduct all pretrial proceedings. Doc. Ent. 3.

**B.     Applicable Law**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630.

Fed. R. Civ. P. 41 governs dismissals. As to involuntary dismissal, it provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)]-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631. "It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition." *Link*, 370 U.S. at 631-632. *See also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("The Court denied that [Fed. R. Civ. P.] 41(b) limits a court's power to dismiss for failure to prosecute to instances where a defendant moves for dismissal.") (citing *Link*, 370 U.S. at 630); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct.") (citing *Link*, 370 U.S. at 630-632; *Roadway Express*, 447 U.S. at 767); *Carlisle v. United States*, 517 U.S. 416, 426, 449-450 (1996) ("something far more than an ambiguous silence is required to withdraw a district court's inherent power.").

"[T]he absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link*, 370 U.S. at 632. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*. Therefore, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id*. at 633.

**C.    Analysis**

In his December 11, 2006 order, Magistrate Judge Whalen discussed the relevant case

3

law.  To begin, he noted that "plaintiffs must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and a copy of the complaint."  *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D. Mass. 1994).  Furthermore, he noted that "[w]here a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint."  *Williams v. McLemore*, 10 Fed. Appx. 241, 243 (6th Cir. 2001)[1] (referencing Fed.R.Civ.P. 4(c)(2); 28 U.S.C. § 1915(d); and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996)).

Magistrate Judge Whalen also cited to relevant statutes.  "At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose.  Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(2).  "The officers of the court shall issue and serve all process, and perform all duties in such cases."  28 U.S.C. § 1915(d).

Finally, Magistrate Judge Whalen required additional copies of the complaint to be provided to the Court within thirty (30) days.  Clearly, that time has passed and, as of this date, the docket does not indicate that any copies of the complaint have been sent to the Court.

Having reviewed the terms of Magistrate Judge Whalen's order, I suggest that the Court should dismiss plaintiff's case for failure to comply with the order.  The Sixth Circuit considers

---

[1]The Court has not yet entered an order regarding plaintiff's application for in forma pauperis status.  However, in light of the Court's December 11, 2006 reliance upon *Williams v. McLemore*, 10 Fed. Appx. 241, 243 (6th Cir. 2001), this report assumes, arguendo, that plaintiff would be granted leave to proceed in forma pauperis.

4

"four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). *See also Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001) and *Knoll*, 176 F.3d at 363.

It is not clear whether plaintiff's failure to respond to the Court's December 11, 2006 order was the result of "willfulness, bad faith, or fault[.]" *Wu*, 420 F.3d at 643.[2] Furthermore, "prejudice to the defendants[] is not an issue here; none of the defendants ha[ve] been served and none [are] affected by the delay." *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998).[3] However, the remaining factors weigh in favor of dismissal without prejudice. Magistrate Judge Whalen's December 11, 2006 order stated that failure to comply with the order might result in dismissal of the complaint. Additionally, Fed. R. Civ. P. 4(c)(1) provides in part that plaintiff "is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall

---

[2] This order was actually docketed on December 19, 2006; however, the deputy clerk's certification is dated December 11, 2006. Therefore, even though it was not processed until eight days after the certificate of service, this report and recommendation assumes that plaintiff received a copy of Judge Whalen's order.

[3] It is worth noting that the proposed defendants cannot defend themselves in an action with which they have not been served, and Judge Whalen's order requiring plaintiff to provide the Court with additional copies of the complaint was meant to facilitate the U. S. Marshal's service of process upon these proposed defendants. The lawsuit cannot proceed without service upon the proposed defendants.

5

furnish the person effecting service with the necessary copies of the summons and complaint." Judge Whalen's order noted that plaintiff had not provided the Court with adequate copies to be served upon each defendant. He also noted that "the three service copies which ha[d] been provided to the Court [were] not identical to the original complaint." Doc. Ent. 4 at 1. It follows that, despite plaintiff's non-compliance with Fed. R. Civ. P. 4(c), Judge Whalen gave plaintiff the opportunity to rectify this omission.

For these reasons, the Court should dismiss plaintiff's complaint without prejudice for failure to prosecute based upon plaintiff's failure to comply with the Court's December 11, 2006 order. This conclusion is supported by unpublished decisions of the Sixth Circuit. *See Erby v. Kula*, 113 Fed. Appx. 74, 76 (6th Cir. 2004) ("Because Erby failed to pay the filing fee or submit the required documentation to the district court in order to apply to proceed in forma pauperis, his complaint was subject to dismissal for want of prosecution."); *Fadyiro v. Ashcroft*, 36 Fed. Appx. 541, 542 (6th Cir. 2002) (same); *Gravitt v. Tyszkiewicz*, 14 Fed. Appx. 348, 349 (6th Cir. 2001) ("Because Gravitt failed to pay the filing fee or submit the required documentation to the district court in order to apply to proceed in forma pauperis, his petition was subject to dismissal for want of prosecution."). Nor is there evidence that plaintiff "complied with court rules and [Judge Whalen's] directions to file copies of the [complaint] for all of the named defendants." *James v. Scavoni,* No. 99-2066, 2000 WL 1206540, *1 (6th Cir. Aug. 18 2000).

This conclusion is also supported by the unpublished opinions of judges of this Court. *Patts v. Block*, No. 06-CV-12389, 2006 WL 2786957 (E. D. Mich. Sept. 26, 2006) (Friedman, J.)

(dismissing complaint for failure to comply with PLRA filing requirements);[4] *Jackson v. Michigan Parole Board*, No. 06-CV-11666, *2 (E. D. Mich. May 24, 2006) (Battani, J.) (Dismissing complaint for failure to comply with PLRA filing requirements); *Herbert v. Roark*, No. 05-74754, 2006 WL 1284695, *1 (E. D. Mich. May 9, 2006) (Steeh, J.) (complaint dismissed without prejudice for failure to prosecute, because plaintiff did not comply with deficiency order "by timely providing the defendants' addresses to the Court.")[5]. *See also Mackall v. Doe*, No. 05-60083-AA, 2005 WL 1843449, *1 (E. D. Mich. July 29, 2005) (O'Meara, J.) (complaint dismissed without prejudice for failure to identify or serve with process "Jane Doe" defendant).

I note the Second Circuit's caution that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993)). *See also Spencer*, 139 F.3d at 112 (citing *Lucas*, 84 F.3d at 535). However, assuming plaintiff received a copy of Judge Whalen's order, his ability to respond was not hindered by a lack of familiarity with the rules. The Court spelled out exactly what plaintiff was required to do, and he has failed to do so.

My conclusion is unchanged by plaintiff's July 25, 2007 letter filed with this Court. To begin, it is addressed to the Clerk of this Court. Also, it is a request for a copy of the Federal

---

[4]However, Judge Friedman granted plaintiff's motion for relief from judgment when it was discovered that plaintiff had, in fact, submitted the required application and authorization. *Patts v. Block*, Case No. 06-CV-12389, Oct. 24, 2006.

[5]On February 20, 2007, Judge Steeh entered an order granting reconsideration and directing plaintiff to provide the Court with work addresses and materials necessary to effectuate service on defendants within sixty days. Doc. Ent. 19.

Rules of Court (presumably the Eastern District of Michigan's Local Rules) and the Federal Rules of Civil Procedure - both of which should be available in the prison law library. Additionally, the authority plaintiff cites for this request is 18 U.S.C. § 3006A ("Adequate representation of defendants"), which is a statute concerning representation of criminal defendants. Finally, plaintiff's letter does not justify his failure to provide this Court with the requested copies of the complaint and does not ask for an extension of time to do so. *Thomas v. Correctional Medical Center*, No. 98-3492, 1999 WL 283894, *1 (6th Cir. Apr. 27, 1999) ("The deficiency order directed Thomas to submit the certification portion . . . of the application and affidavit to proceed without prepayment of fees and a certified copy of the trust fund account statement or pay the full filing fee of $150 within 30 days of the date of the deficiency order. . . . Thomas did not give any justification for his failure to provide the court with a certified copy of his trust fund account statement. Further, Thomas did not request an extension of time to comply with the deficiency order within the time limit set forth in the order, nor did he make any affirmative showing that he did not receive the deficiency order within thirty days.).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 7/30/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 30, 2007.

s/Eddrey Butts
Case Manager