UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN TURNER,

    Plaintiff,

v.

TOM DEPP, et al.,

    Defendants.
_____/

CASE NO. 06-CV-15112-DT
JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE PAUL J. KOMIVES

## SUPPLEMENTAL REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** The Court should not dismiss plaintiff's complaint without prejudice for failure to comply with the December 11, 2006 order of the Court. Instead, the Court should set a deadline by which plaintiff would be required to satisfy the requests set forth in the Court's December 11th order.

**II.** **REPORT:**

**A.** **Procedural History**

Plaintiff is currently confined at the Federal Correctional Institution in Milan, Michigan (FCIM).[1] On November 15, 2006, plaintiff filed a pro se prisoner civil rights complaint against thirteen (13) defendants, each of whom are described as FCIM employees. Plaintiff alleges, inter alia, that he was locked up and illegally deprived of his constitutional rights and prisoner privileges and rights "because [he] administratively 'Blew the Whistle' on prohibited behavior." Doc. Ent. 1 at 5.

---

[1] *See* www.bop.gov, "Inmate Locator".

1

Along with his complaint, plaintiff filed an application for prisoner to proceed without prepayment of fees or costs, attached to which is a computer printout regarding plaintiff's account. Doc. Ent. 2 at 4-5. On December 11, 2006, Magistrate Judge Whalen entered an order requiring plaintiff to submit additional copies of his complaint. That order required plaintiff to submit thirteen (13) additional copies of his complaint to the Court within thirty (30) days of the date of the order. Furthermore, the order noted that failure to comply with the order might result in dismissal of the complaint. Doc. Ent. 4 at 2.[2]

In a letter signed on July 20, 2007, and filed with this Court on July 25, 2007, plaintiff requested a copy of the "Federal Rules of Court" and the Federal Rules of Civil Procedure. Doc. Ent. 5. On July 30, 2007, I entered a report and recommending that the Court dismiss plaintiff's complaint without prejudice for failure to comply with the December 11, 2006, order of this Court. Doc. Ent. 6.

On August 8, 2007, plaintiff filed what is titled a response to my report and recommendation, a motion for discovery and production, and a motion for reconsideration by magistrate. Doc. Ent. 7.

**B.    Analysis**

**1.**    In my July 30, 2007, report and recommendation, I noted that Magistrate Judge Whalen's December 11, 2006 order stated that failure to comply with the order might result in dismissal of the complaint and that Judge Whalen gave plaintiff the opportunity to rectify his omission. I also noted that, assuming plaintiff received a copy of Judge Whalen's order, plaintiff's ability

---

[2]On December 12, 2006, Judge Rosen referred this case to me to conduct all pretrial proceedings. Doc. Ent. 3.

to respond was not hindered by a lack of familiarity with the rules. I further stated that the Court spelled out exactly what plaintiff was required to do, and plaintiff had failed to do so. Additionally, I noted that plaintiff's July 25, 2007, letter did not justify his failure to provide the Court with the requested copies of the complaint and did not ask for an extension of time to do so.

**2.**     Plaintiff alleges that he "did not purposely fail to honor Magistrate Judge Whalen's Order for provision of additional [copies]." Doc. Ent. 7 at 3 ¶ 7. Plaintiff surmises that his copy of Magistrate Judge Whalen's order was destroyed by Mr. Finch, an FCI mail room employee against whom plaintiff had filed a formal complaint. Doc. Ent. 7 at 3 ¶ 8. Plaintiff swears that "he has never received any copy of [Magistrate Judge] Whalen's Order[.]" Doc. Ent. 7 at 4 ¶ 11. Plaintiff alleges that he is indigent but that "if he is provided a copy of his original pleadings [he] will indeed make a reasonable effort to obtain the requisite 13 additional cop[ies][.]" Doc. Ent. 7 at 5 ¶ 12. Plaintiff claims that "he never willingly nor knowingly failed to respond to . . . Magistrate Judge Whalen's Order and was unable to because of the blatantly and purposeful illegal actions of [FCIM] Staff[.]" Doc. Ent. 7 at 6 ¶ 15.

In light of plaintiff's representation that he did not receive a copy of Magistrate Judge Whalen's order, it would be inappropriate for the Court to accept my prior recommendation that this case be dismissed for failure to comply with the December 11, 2006, order of this Court. Instead, the Court should set a deadline by which plaintiff would be required to satisfy the requests set forth in the Court's December 11th order.

**3.**     Plaintiff requests that he be provided with copies of the documents filed in this case, as well as a copy of the docket sheet. Doc. Ent. 7 at 4 ¶ 13. Not including this report and

recommendation, there are currently seven (7) docket entries in this case: (1) & (2) plaintiff's seven-page complaint and five-page application to proceed without prepayment of fees or costs, each filed on November 15, 2006; (3) Judge Whalen's two-page order requiring plaintiff to submit additional copies of the complaint filed on December 11, 2006; (4) Judge Rosen's one-page order of reference to United States Magistrate Judge filed on December 12, 2006; (5) plaintiff's one-page letter to the Clerk of this Court filed on July 25, 2007; (6) my nine-page report and recommendation filed on July 30, 2007; and (7) plaintiff's twenty-page response and motions filed on August 8, 2007.

It appears that plaintiff received timely delivery of my July 30, 2007, report and recommendation, because he filed his response only eight days later - August 8, 2007. However, in light of plaintiff's claims that there has been interference with his mail, and in light of the fact that the entire file of this case, excepting the instant supplemental report and recommendation, totals only forty-five pages, the Court should consider providing plaintiff with copies of (a) his complaint, (b) his application, (c) Judge Whalen's order and (d) Judge Rosen's order of reference. This report and recommendation assumes that plaintiff has copies of his July 25, 2007 letter to the Clerk of this Court, my July 30, 2007 report and recommendation and his August 8, 2007 response and motions.

**4.** Plaintiff also requests injunctive relief in the form of an order directing Warden Eichenlaub and the mail staff at FCIM to cease and desist with mail interference and requiring that mail from the Court be clearly marked as legal mail. Doc. Ent. 7 at 6 ¶ 14. It appears that this request may soon become moot, as plaintiff's projected release date is January 16, 2008. *See* www.bop.gov, "Inmate Locator". Plaintiff should keep the Court, and defendants, apprised of

any changes of address to ensure that he continues to receive copies of documents filed in this case.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 1/10/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 10, 2008.

                                 s/Eddrey Butts
                                 Case Manager